IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN HOMES 4 RENT PROPERTIES, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-2575-B-BN |
| ARAMI GATES AND ALL OCCUPANTS, | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation that this case be remanded to state court.

**Background**

On July 17, 2014 Defendant Arami Gates ("Defendant"), proceeding *pro se*, removed this civil action arising out of eviction proceedings brought by American Homes 4 Rent Properties. *See* Dkt. No. 3. In the Notice of Removal, Defendant alleges that the Court has jurisdiction over this matter based on diversity jurisdiction. *See id.* at 1-3. Additionally, in the Notice of Removal and Defendant's Objection to Plaintiff's Motion to Remand, Defendant suggests that the Court has federal question jurisdiction under 28 U.S.C. § 1331. *See id.* at 1; *see also* Dkt. No. 10 at 2.

Plaintiff filed a timely motion to remand on July 18, 2014, arguing that remand is required because, among other reasons, the Court lacks subject matter jurisdiction and the removal contravened 28 U.S.C. § 1441(b)(2)'s forum-defendant rule. *See* Dkt. No. 7. Defendant timely responded to the motion, *see* Dkt. No. 10, and Plaintiff filed a reply, *see* Dkt. No. 11.

The undersigned concludes that the removal of this action was defective because it contravened 28 U.S.C. § 1441(b)(2)'s forum-defendant rule and that Defendant has failed to meet the burden to establish that federal jurisdiction exists over Plaintiff's forcible detainer action. Plaintiff's motion to remand [Dkt. No. 7] should be granted.

## Legal Standards and Analysis

### 28 U.S.C. § 1441(b)(2)'s Forum-Defendant Rule

The undersigned concludes that remand is appropriate on the basis of the forum-defendant rule, which Plaintiff has raised. *See* Dkt. No. 7 at 5-6. Defendant has represented that all of the Defendants are citizens of Texas – the same state where Plaintiff filed the underlying eviction proceeding. *See* Dkt. No. 3 at 2; Dkt. No. 10 at 3. And Defendant was properly joined and served in the state court action. *See* Dkt. No. 3 at 6 & 10. An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of forum-defendant rule is defective). Accordingly, the case should be remanded for this reason alone.

Defendant does not acknowledge this rule, simply asserting that the parties are diverse. *See* Dkt. No. 10 at 3-4. But 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Here, as explained below, the action is not removable on the basis of federal question jurisdiction under Section 1331. Accordingly, although the parties may be completely diverse, the case is nevertheless not properly subject to removal based on Section 1441(b)(2).

<u>Lack of Subject Matter Jurisdiction</u>

The undersigned also concludes that, in any event, remand is required because the Court lacks subject matter jurisdiction because the amount-in-controversy requirement was not met and no federal question jurisdiction exists.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear a case of this nature only if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th

Cir. 1983). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction).

*(A)     28 U.S.C. § 1332 Diversity Jurisdiction*

Defendant's Notice of Removal asserts that this Court has jurisdiction because this matter "is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs." Dkt. No. 3 at 1. That is because, according to Defendant, the fair market value of the property at issue is $107,540. *See id.* at 2; Dkt. No. 10 at 2-3.

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g., Vendor Res. Mgmt. v. Hernandez*, No. 3:13-cv-2892-G-BN, 2013 WL 5405463, at *2 (N.D. Tex. Sept. 26, 2013) (citing cases); *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012) (same), *rec. adopted*, 2012 WL 4005760

(N.D. Tex. Sept. 11, 2012). The only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the property at issue.

Here, the record is devoid of any evidence or argument to establish the value of the right to possess or occupy the property or that the value of that right exceeds $75,000. Despite Defendant's claims, evidence of a property's fair market value is not evidence of the value of the right to possess the property for purposes of establishing the amount in controversy in a removed eviction proceeding. *See Flagstar Bank, FSB v. Hoare,* No. 3:13-cv-1412-B, 2014 WL 2452576, at *2 (N.D. Tex. June 2, 2014) ("In a forcible detainer action, the amount in controversy is not determined by the value of the property but by the value of the right to occupy the property."); *Fed. Nat'l Mortg. Ass'n v. Salako,* No 3:13-cv-722-O-BF, 2013 WL 1703570, at *2 (N.D. Tex. Mar. 27, 2013), *rec. adopted,* 2013 WL 1715315 (N.D. Tex. Apr. 19, 2013); *see also Wells Fargo Bank v. Matts,* No. 3:12-cv-4565-L, 2012 WL 6208493, at *5 (N.D. Tex. Dec. 13, 2012) (collecting cases).

Defendant does not address this rule and insists that the value of the property sets the amount in controversy. *See* Dkt. No. 10 at 3-4. The undersigned adopts and follows the holdings of the decisions cited above of other judges in this district – including the presiding judge in this case – that the amount in controversy in a forcible detainer action is the value of the right to occupy or possess the property at issue, not the fair market value of the property.

Accordingly, the undersigned concludes that Defendant has failed to satisfy the burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a).

(B)     *28 U.S.C. § 1331 Federal Question Jurisdiction*

Defendant's Notice of Removal and response brief also suggest that the Court has jurisdiction under 28 U.S.C. § 1331. *See* Dkt. No. 3 at 1; Dkt. No. 10 at 2. "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). That is, Section 1331 jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). To support removal, therefore, Defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter*, 44 F.3d at 366.

The United States Supreme Court has repeatedly held that a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a

-6-

properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Defendant does not explain how the forcible detainer action here raises a federal question. Defendant has not alleged, much less shown, that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its

state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law.

And the Court's review of Plaintiff's state court papers, as attached to the Notice of Removal, show that Plaintiff did not raise any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action. *See* Dkt. No. 3 at 6-7; Dkt. No. 7-5; *accord U.S. Bank Nat'l Ass'n v. McAfee*, No. 4:12-cv-804-A, 2013 WL 48500, at *1-*2 (N.D. Tex. Jan. 3, 2013) (remanding forcible detainer action under similar circumstances); *Matts*, 2012 WL 6208493, at *4-*5 (same); *Federal Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action.").

Accordingly, Defendant has failed to satisfy the burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009).

For these reasons, the undersigned concludes that the Court lacks subject matter jurisdiction.

## Recommendation

The undersigned concludes that the removal of the action *American Homes 4 Rent Properties v. Arami Gates and / or All Other Occupants*, Cause No. CC-14-03085-D, was defective because it contravened 28 U.S.C. § 1441(b)(2)'s forum-defendant rule and, additionally, that the Court lacks subject matter jurisdiction over this action, as removed and docketed as Case No. 3:14-cv-2575-B-BN. The undersigned recommends that the Court grant Plaintiff's motion to remand [Dkt. No. 7] and remand the action to County Court at Law No. 4, Dallas County, Texas, from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 7, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE